# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:14-CR-23-DBH-01** |
| | ) | |
| **GYADEEN RAMDIHALL,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF THE MOTION TO SUPPRESS EVIDENCE

The defendant has moved for partial reconsideration of my denial of his motion to suppress in light of the recent Supreme Court decision, Rodriguez v. United States, ___ U.S. ___, 135 S. Ct. 1609, 2015 WL 1780927 (Jan. 21, 2015). The underlying incident is a 2013 Ohio State Police stop of the defendant on Ohio Interstate 70 based initially upon a speeding violation. After the trooper finished writing the ticket, he continued to detain the defendant while waiting for another trooper with a drug-sniffing dog to arrive (requested by radio near the beginning of the stop, but delayed by the distance to travel).

In Illinois v. Caballes, 543 U.S. 405, 409 (2005), the Supreme Court held that a dog sniff of a vehicle exterior *during* a traffic stop was not an incursion on Fourth Amendment rights. But in Rodriguez, the Court held when law enforcement *prolongs* a traffic stop to accomplish the dog sniff, it implicates Fourth Amendment rights. Rodriguez, 135 S. Ct. at 1612. Rodriguez remanded the case for a consideration of whether law enforcement there had "reasonable

suspicion of criminal activity [that] justified detaining Rodriguez beyond completion of the traffic infraction investigation." Id. at 1616–17.

In my pre-Rodriguez ruling on the motion to suppress in this case, I did not rely on Caballes to justify the challenged Ohio dog sniff. Tr. of Dec. 10, 2014 Ruling on Suppression Hearing at 6 (ECF No. 124). Instead, I explicitly recognized that the traffic stop expired before the dog sniff, concluded that the trooper needed reasonable suspicion to prolong the stop until the dog arrived, and found on the evidence that, although the case was close, there was reasonable suspicion. Id. at 6–9. Rodriguez thus furnishes no basis to re-visit my ruling, and I decline the defendant's request to alter my earlier findings of fact and credibility.

The motion for partial reconsideration is **DENIED**.

**SO ORDERED.**

**DATED THIS 12TH DAY OF JUNE, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2