# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 2:14-cr-23-DBH-01 |
| | ) | |
| GYADEEN RAMDIHALL, | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S MOTION FOR AN ORDER DIRECTING THE GOVERNMENT TO ACCOUNT FOR THE DISPOSITION OF SEIZED PROPERTY

The defendant Gyadeen Ramdihall pleaded guilty to, and was convicted of, a credit card fraud conspiracy. I sentenced him to 10 months in prison, followed by a supervised release period of 3 years, and ordered him to pay restitution of $17,987.56 jointly with a co-defendant. He has completed his prison term and now is on supervised release. He has moved for "an order directing the government to account for the disposition of seized property" (ECF No. 172), claiming that he is having difficulty paying restitution and that proceeds attributable to items that law enforcement seized from him and a companion in Kittery, Maine, should be set off against his restitution obligation. The government agrees that $309.75 should be credited against the restitution order (one victim, Capital One, obtained that amount from federal authorities), but otherwise opposes the motion.

The defendant now agrees (ECF No. 182) with the government's surresponse that the Secret Service obtained the seized items from the Kittery Police Department and conducted administrative forfeiture proceedings. In

those proceedings, in addition to notice by publication, the Secret Service sent notice to the defendant by Federal Express at the address provided to the court in his pretrial services report, and he received and signed for the notice (ECF No. 182 at 2).

As a result, the motion is **GRANTED** so as to reduce the restitution by $309.75 with respect to Capital One, and otherwise **DENIED**. Ramdihall's recourse, if any, was to oppose the administrative forfeiture. He failed to do so.[1] Forfeiture and restitution are different remedies that serve different purposes. See, e.g., United States v. Torres, 703 F.3d 194, 203-04 (2d Cir. 2012). Except for the $309.75 paid to Capital One, there is no double recovery for victims here. See United States v. Leon-Delfis, 203 F.3d 103, 115-16 (1st Cir. 2000). I note the defendant's argument that the Attorney General, not the Secret Service, has the exclusive discretion to restore forfeited property to victims (ECF No. 182 at 3). But any rights that victims might have to challenge the government's failure to restore the forfeited property belong to them, not to Ramdihall. See United States v. Union Bank for Savings & Investment (Jordan), 487 F.3d 8, 22 (1st Cir. 2007) ("Prudential standing doctrine encompasses, among other principles, 'the general prohibition on a litigant's raising another person's legal rights.'")

**SO ORDERED.**

**DATED THIS 10TH DAY OF JANUARY, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] It is unlikely that he could successfully have asserted any right to the seized property to the extent that it was proceeds or instrumentalities of the credit card fraud conspiracy.

2